1  Dean A. Reeves (# 150558)
     dreeves@afrct.com
2  ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP
3  301 North Lake Avenue, Suite 1100
   Pasadena, California 91101-4158
4  Tel: 626.535.1900 | Fax: 626.577.7764

5  Attorneys for Defendant
   WELLS FARGO BANK, N.A.,
6  ("Wells Fargo") (erroneously sued as
   "Wells Fargo Bank, N.A., a business
7  entity form unknown")

8

                    UNITED STATES DISTRICT COURT

9

                   CENTRAL DISTRICT OF CALIFORNIA

10

11

12  DAVE EVANS;                          CASE NO.:

            Plaintiff,
13                                       **NOTICE OF REMOVAL BY
         v.                              DEFENDANT WELLS FARGO
14                                       BANK, N.A., PURSUANT TO 28
    WELLS FARGO BANK, N.A., a            U.S.C. § 1332**
15  business entity form unknown;
    BARRETT DAFFIN FRAPPIER             **[DIVERSITY JURISDICTION]**
16  TREDER & WEISS, LLP, a business
    entity form unknown; and DOES 1-100,
17  inclusive ,

18          Defendants.

19

20  TO PLAINTIFF, HIS COUNSEL OF RECORD, THE CLERK OF THE ABOVE-

21  ENTITLED COURT, AND THE HONORABLE UNITED STATES DISTRICT

22  JUDGE, AS ASSIGNED:

23          **PLEASE TAKE NOTICE** that defendant WELLS FARGO BANK, N.A.,

24  ("Wells Fargo") (erroneously sued as "Wells Fargo Bank, N.A., a business entity

25  form unknown") hereby provides this Notice of Removal pursuant to 28 U.S.C.

26  § 1332.  The action is hereby removed to this Court from the state court, as more

27  particularly set forth below.

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**1.      THE STATE COURT ACTION.**

On or about January 26, 2017, plaintiff Dave Evans ("plaintiff") commenced an action in the Superior Court of the State of California for the County of Los Angeles, Case No. NC061007 (the "State Court Action").  Defendant Wells Fargo did not appear in the State Court Action.  Defendant Barrett Daffin Frappier Treder & Weiss, LLP ("Barrett") appeared in the State Court Action only to file its Declaration of Nonmonetary Status ("DNMS") on or about February 10, 2017. (*See* Exhibit B.)

On January 27, 2017, plaintiff obtained an unopposed temporary restraining order from the Superior Court, barring Wells Fargo's foreclosure on the subject property.  (*See* Exhibit B.)  That TRO will expire by operation of law on February 17, 2017, the date it is set to expire under state law. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 433 n.7 (1974).  The trustee' s sale of the subject property has been postponed to February 24, 2017, in order to allow plaintiff ample time to refile his TRO application in federal court, should he choose to do so.

A copy of the complaint filed in the State Court Action is attached hereto as Exhibit A.  Attached collectively hereto as Exhibit B are all other documents filed in the State Court Action which are in Wells Fargo's possession.

**2.      DIVERSITY OF CITIZENSHIP.**

        **A.      Complete Diversity Exists.**

This Court has jurisdiction of this case under 28 U.S.C. § 1332 because plaintiff's citizenship and that of Wells Fargo Bank, N.A. is entirely diverse and the amount in controversy exceeds $75,000.00.

                **i.      Plaintiff's Citizenship.**

Plaintiff is a California citizen based on domicile, as he pleads residency and ownership of a home located at located at 3927 Conquista Ave., Long Beach,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

California 90808 – the subject property in this action (the "property" or "subject property") (Compl. ¶¶ 1, 32-33). Plaintiff also pleads residency in Los Angeles County.  (Compl. ¶ 1.)  In addition, plaintiff has made a claim for the Property of a recorded Homeowner's Exemption, which is only available to owners who occupy their homes as their principal place of residence on December 31, and each year thereafter. *Cal. Rev. & Tax. Code* §218(a); Los Angeles County Assessor information indicating a homeowner's exemption was taken, Exhibit C, attached hereto.

Plaintiff pleads that he has been trying to obtain a loan modification under the California Homeowners' Bill of Rights (Compl. ¶¶ 60-61, 65-66, 72-73), which only applies to owner-occupied dwellings that are the borrower's primary residence, pursuant to Civil Code § 2924.15.

A "notice of removal need only include a plausible allegation" of the plaintiff's citizenship. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014)(applying standard to amount in controversy).  Upon information and belief, plaintiff resides in California with the intention to remain indefinitely.  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also*, *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (residence and property ownership is a factor in domicile for diversity jurisdiction); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile.").

## ii.    Defendant Wells Fargo Bank, N.A. is a Citizen of South Dakota.

Pursuant to 28 U.S.C. § 1348, defendant Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where it is "located."  In 2006,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  the United States Supreme Court, after a thorough examination of the historical

2  versions of § 1348 and the existing case law, held that "a national bank, for § 1348

3  purposes, is a citizen of the State in which its main office, as set forth in its articles

4  of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307

5  (2006).

6      Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a

7  citizen of South Dakota.  Attached hereto as <u>Exhibit D</u> are true and correct copies

8  of the FDIC Profile and the Articles of Association for Wells Fargo Bank, National

9  Association, as issued by the Office of the Comptroller of the Currency,

10 Administrator of National Banks, reflecting that Wells Fargo (at Article II, § 1) has

11 its main office in Sioux Falls, South Dakota. *Rouse v. Wachovia Mortgage*, *FSB*,

12 747 F.3d 707, 715, *22 (9th Cir. 2014) ("under § 1348, a national banking

13 association is a citizen only of the state in which its main office is located."); see

14 also, *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir.

15 2011) (same); *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1059-61

16 (C.D. Cal. 2012) (same); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d

17 1119, 1124 (N.D. Cal. 2010) (finding that Wells Fargo was strictly a South Dakota

18 citizen); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal.

19 2010) ("Wells Fargo is a citizen of South Dakota for purposes of diversity.").

20     **iii.**    **<u>Defendant Barrett, Daffin, Frappier, Treder & Weiss'</u>**

21     **<u>Citizenship.</u>**

22     Defendant Barrett is a Texas limited liability partnership, but has some

23 California partners.  Therefore, defendant Barrett is also a California citizen.

24 However, Barrett is to be ignored for purposes of diversity jurisdiction analysis, as

25 it is a fraudulently joined, nominal party, mere stakeholder, and current trustee

26 under the subject Deed of Trust, with absolutely no financial interest in the

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Property and against which no affirmative relief is being sought.  Barrett's status as

2  a nominal party is confirmed through its filing of a DNMS. (*See* Exhibit B).

3  Barrett is the nominal party that replaced Quality Loan Service Corp. the

4  *substituted trustee* which replaced 6700 Corporation, the *original* named trustee on

5  the Deed of Trust encumbering the Property at issue here, after plaintiff obtained

6  his loan.  As stated above, Barrett has no financial interest in the Property and its

7  only involvement was with the foreclosure proceedings, which was strictly within

8  its ministerial role as the substituted trustee under the Deed of Trust to effectuate a

9  non-judicial foreclosure action. (Compl. ¶¶36, 41).  *See Cabriales v. Aurora Loan*

10  *Servs.*, No. C 10-161, 2010 U.S. Dist. LEXIS 24726, at *6-7 (N.D. Cal. Mar. 2,

11  2010).  "A defendant is a nominal party where his role is limited to that of a

12  stakeholder." *Hewitt v. Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (alleged

13  nominal party was potentially liable in damages on a claim, so not regarded as

14  nominal and had to join in removal).

15  Here, no viable claim exists against Barrett.  Plaintiff's only allegation

16  involving Barrett relates to its role as the Substituted Trustee and the recording of

17  the Notice of Default and Notice of Trustee's Sale.  (Compl.  ¶¶36, 41.)  Plaintiff

18  alleges no facts stating that Barrett acted for "its own personal advantage" as either

19  an agent or dual agent. *Nong v Wells Fargo Bank, N.A.*, 2010 U.S. DIST. LEXIS

20  131890, at *3-5 (C.D. Cal. Nov. 22, 2010) (Upheld removal on diversity grounds

21  despite a California corporation being named as a defendant, under the fraudulent

22  joinder doctrine).  In *Nong,* a local agent of the trustee acted on the trustee's behalf

23  in carrying out trustee duties relating to the foreclosure process.  But that local

24  agent was properly ignored for diversity purposes.  *Id.*  The same reasoning applies

25  with equal force here.

26  Barrett's only involvement with regard to the loan is its narrow role as the

27  current trustee, "in preparing for and conducting the [Trustee's] sale," as set forth

28

in detail in Civil Code § 2924, *et seq*.  As the court explained in *Pro Values Properties, Inc. v. Quality Loan Service Corp*., 170 Cal. App. 4th 579 (2009), a trustee's role is extremely limited:

> The trustee in a non-judicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary.  The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes.  No other common law duties exist.  In short, the trustee... performs ministerial acts which, when properly executed, result in the transfer of title to the [trustee's sale] purchaser.

*Pro Value Properties, Inc.*, 170 Cal. App. 4th at 583 (citations omitted).

Another district court decision provides a more detailed explanation concerning a "deed of trust trustee's" limited authority:

> The trustee under a deed of trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and beneficiary of the deed of trust. **[The trustee's] only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust."** (*Vournas v. Fidelity National Title Ins. Co.* (1999) 73 Cal.App.4th 668, 677, 86 Cal.Rptr.2d 490.) **Consistent with this view, California courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust.** As our Supreme Court noted in *I.E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 216 Cal. Rptr. 438, 702 P.2d 596, "The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes.... [P] … **[T]here is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale**

CASE NO.:
NOTICE OF REMOVAL
93000/FR2214/01663156-1

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    **beyond those specified in the deed and the statutes**." (*Id*. at pp. 287-288,

2    216 Cal. Rptr. 438, 702 P.2d 596.)

3    *Swanson v. EMC Mortg. Corp.*, 2009 U.S. Dist. LEXIS 122216, at *10-*11 (E.D.

4    Cal. Dec. 9, 2009) (*quoting Heritage Oaks Partners v. First American Title Ins.*

5    *Co.*, 155 Cal. App. 4th 339, 345, 66 Cal. Rptr. 3d 510 (2007) (emphasis added)).

6         As established by these facts, and for purposes of a diversity jurisdiction

7    analysis, Barrett should be ignored as a nominal defendant against which no

8    affirmative relief can be sought.

9         Another exception to the requirement of complete diversity is where a non-

10   diverse defendant has been fraudulently joined.  *Rieger v. Wells Fargo Bank*, 2013

11   U.S. Dist. LEXIS 58232, at *7 (N.D. Cal. Apr. 23, 2013) (quoting *Morris v.*

12   *Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001) ("one exception to

13   the requirement of complete diversity is where a non-diverse defendant has been

14   'fraudulently joined'").  "[F]raudulently joined defendants will not defeat removal

15   on diversity grounds." *Ritchey v. Upjohn Drug Co*., 139 F.3d 1313, 1318 (9th Cir.

16   1998).

17        Fraudulent joinder is conclusive where it is demonstrated that "there is no

18   possibility that the plaintiff will be able to establish a cause of action in State court

19   against the alleged sham defendant."  *Good v. Prudential Ins. Co. of Am*., 5 F.

20   Supp. 2d 804, 807 (N.D. Cal. 1998).  When testing the applicability of federal

21   diversity jurisdiction, the Court is not limited to the four corners of the plaintiff's

22   pleading.  *West America Corp. v. Vaughan-Bassett Furniture Co., Inc.*, 765 F.2d

23   932, 936 (9th Cir. 1985).  A removing defendant may submit facts showing that the

24   resident defendant has "no real connection with the controversy."  *Ritchey*, 139

25   F.3d at 1318 (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-99

26   (1921)).

27        The facts here establish that Barrett does not have an actionable relationship

28

1  with plaintiff, and its sole role is ministerial in nature.  Barrett simply replaced

2  Quality Loan Service Corp. the *substituted trustee* which replaced 6700

3  Corporation, the *original* named trustee on the Deed of Trust encumbering the

4  Property.  Thus, Barrett, as the current trustee, is responsible for recording the

5  foreclosure notices and conducting the trustee's sale.  Plaintiff's claims relate

6  primarily to Wells Fargo alleged violations of HBOR and his attempt to obtain a

7  loan modification.  (Compl. ¶¶35, 37-40, 43-44, 59-63, 70-74, 81, 86.)  The only

8  allegations against Barrett relate to its ministerial role in recording foreclosure

9  documents, which as stated below, is privileged conduct.  Hence, Barrett is not

10  related to this dispute or the foreclosure process in any way, except as a mere

11  ministerial agent with no viable allegations of liability against it at issue.

12  Therefore, Barrett is a fraudulently joined defendant and should be ignored for

13  purposes of diversity jurisdiction analysis.

14       Further, actions related to the foreclosure filings and trustee's sale are

15  privileged, preventing a claim for damages against the trustee. Cal. Civ. Code

16  § 2924(d) (incorporating Cal. Civ. Code § 47(c)).  This privilege bars any tort

17  claim arising out of the statutorily required mailing, publication, and delivery of

18  notices in non-judicial foreclosure, and the performance of statutory non-judicial

19  procedures absent a showing of malice.  *Kachlon v. Markowitz*, 168 Cal. App. 4th

20  316, 339 (2008).  Plaintiff's Complaint pleads no allegations that specifically tie

21  Barrett to the wrongdoings alleged to have occurred in this case (outside of its due

22  course recordation of foreclosure notices against the subject property, as the trustee

23  of record).

24       Indeed, District Courts have found other California trustee's to be

25  fraudulently joined in materially similar cases thereby affirming the Court's

26  diversity jurisdiction. *See e.g.*, *Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S.

27  Dist. LEXIS 131364, at *3-5 (N.D. Cal. Sept. 13, 2013) ("As for Cal Western,

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Wells Fargo alleges that it is a nominal party (as trustee under the deed of trust),

2   and that it was fraudulently joined by plaintiffs in an attempt to defeat diversity.";

3   Court ignored non-diverse trustee and denied motion to remand after finding that

4   Wells Fargo is a citizen of South Dakota); *Sherman v. Wells Fargo Bank, N.A.*,

5   2011 U.S. Dist. LEXIS 51641, at *7 (E.D. Cal. May 12, 2011) ("In light of a

6   trustee's limited contractual duties under state law and the trustee's limited

7   involvement as alleged in the complaint, the court finds that Cal-Western was

8   fraudulently joined for diversity purposes."); *Moreno v. Wells Fargo*, 2011 U.S.

9   Dist. LEXIS 146195, at *23 (N.D. Cal. Dec. 20, 2011) ("the Court finds that Cal-

10  Western was fraudulently joined").

11              **iv.    Summary of Diversity of Citizenship.**

12          As established by the above facts, complete diversity of citizenship exists

13  under 28 U.S.C. § 1332(a), in that plaintiff is a California citizen and the only other

14  defendant whose citizenship is to be considered, Wells Fargo, is a citizen of South

15  Dakota.

16  **3.    AMOUNT IN CONTROVERSY.**

17          Generally, "[t]he amount in controversy is determined from the allegations

18  or prayer of the complaint." *Schwarzer, Tashima & Wagstaffe*, *Fed. Civ. Proc.*

19  *Before Trial* (2009), ¶ 2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*,

20  303 U.S. 283, 289 (1938), which held that an inability to recover an amount

21  adequate to give the court jurisdiction does not oust the court of jurisdiction).

22  Moreover, "'[i]n actions seeking declaratory or injunctive relief, it is well

23  established that the amount in controversy is measured by the value of the object of

24  the litigation.' 'If the primary purpose of a lawsuit is to enjoin a bank from selling

25  or transferring property, then the property is the object of the litigation.'" *Reyes v.*

26  *Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, *12-13 (N.D. Cal. 2010).

27  See also, *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th

28

Cir. 2011) (per curiam) (in an action seeking injunctive relief, the "amount in controversy is measured by the value of the object of the litigation"); *O'Connor v. BankUnited,* 594 Fed. Appx. 329 (9th Cir. 2015) (same).

Plaintiff obtained a residential home loan in the amount of $496,000.00 from GN Mortgage, LLC. (*See* Exhibit E - Deed of Trust.) The mortgage was assigned to Wells Fargo on October 3, 2012. (*See* Exhibit F –Assignment of Deed of Trust.)

In or around 2016, plaintiff sought loss mitigation assistance from Wells Fargo. (Compl. ¶40.) Plaintiff claims violations of the Homeowner's Bill of Rights, alleging Wells Fargo's failure to appoint a single point of contact (Civil Code §2923.7), (Compl. ¶¶59-63); failure to comply with the due diligence requirements prior to recording the notice of default (Civil Code §2923.55), (Compl. ¶¶71-74) and asserting that while his loan modification was under review which documented a material change in circumstance, Wells Fargo continued with foreclosure proceedings. (Civil Code §2923.6), (Compl. ¶¶81-82, 86). In addition, plaintiff also alleges that Wells Fargo failed to provide written communication outlining foreclosure prevention alternatives (Civil Code §2924.9), (Compl. ¶¶95). As a result, plaintiff seeks statutory damages, which may be claimed under the Homeowner's Bill of Rights for at least $50,000.00 (Civil Code § 2924.12(b)). (Compl. ¶¶68, 78; Prayer ¶8.)

Plaintiff also asserts claims for violations of Business and Professions Code §17200 for engaging in deceptive, unfair and fraudulent business practices relating to loan servicing, foreclosure alternatives and foreclosure proceedings (Compl. ¶102) and negligence wherein Wells Fargo failed to review his loan modification application in a timely manner, misrepresented the status of the application and initiated foreclosure proceedings in violation of public policy (Compl. ¶117).

Based thereon, plaintiff seeks to enjoin any foreclosure sale (Prayer ¶10), seeks unspecified general and punitive damages (Prayer ¶¶1, 7), disgorgement of

1  all monies (Prayer ¶¶2, 5), interest at the rate of 10% per annum (Prayer ¶6) and

2  attorneys' fees and costs (Prayer ¶9).

3      Should plaintiff prevail in this action, Wells Fargo would be enjoined from

4  taking further action under its secured interest in the Property, despite plaintiff's

5  default on his loan obligations -- which would result in a loss of, at a minimum, the

6  original principal loan amount of $496,000.00.  As in *Nguyen and Taguinod,* the

7  loan amount which plaintiff seeks to extinguish and the value of the Property

8  clearly exceed the $75,000.00 amount in controversy threshold.

9      Consequently, the loan amount and the value of the Property clearly exceed

10  the $75,000.00 amount in controversy threshold.

11  **4.    TIMELINESS.**

12      This removal notice is timely, pursuant to 28 U.S.C. § 1446(b), because

13  Wells Fargo received service of process (*i.e.*, the summons and complaint in the

14  State Court Action) via personal service on or about January 27, 2017.  *Destfino v.*

15  *Reiswig, et al.,* 630 F.3d 952, 956 (9th Cir. Cal. 2011) ("we hold that each

16  defendant is entitled to thirty days to exercise his removal rights after being

17  served").

18      Counsel for the nominal and fraudulently-joined party, Barrett confirms that

19  it also received service of process on or about January 27, 2017, via personal

20  service and appeared in the State Court Action on or about February 10, 2017 to

21  file its DNMS.  Wells Fargo is not required to obtain Barrett's consent to removal

22  because it is a fraudulently-joined defendant.  *Emrich v. Touche Ross & Co.*, 846

23  F.2d 1190, 1193 (9th Cir. 1988) (general requirement of consent does not apply to

24  "nominal, unknown or fraudulently joined parties.").  Nonetheless, Barrett

25  consents to the removal of this action and has executed a Consent to Removal

26  which is being filed concurrently herewith.

27      As no doe defendants have been identified or served at this time, no joinder

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

of unserved defendants is required to perfect removal of the State Court Action. *Salveson v. Western States Bankcard Ass'n,* 730 F.2d 1423, 1429 (9th Cir. 1984).

**5.      INTRA-DISTRICT ASSIGNMENT.**

    This case is being removed to the Central District of California, Western Division, because the existing State Court Action is pending in Los Angeles County.

**6.      OTHER PERTINENT INFORMATION.**

    A.    Pursuant to 28 U.S.C. § 1446(a), defendant Wells Fargo files this removal notice in the District Court of the United States for the district and division within which the State Court Action is pending.

    B.    Pursuant to 28 U.S.C. § 1446(d), a copy of this removal notice and its attachments will promptly be served on plaintiff in the State Court Action, and notice thereof will be filed with the clerk of the Los Angeles County Superior Court.

    WHEREFORE, defendant Wells Fargo hereby removes Los Angeles County Superior Court Case No. NC061007 to the United States District Court for the Central District of California, Western Division.

Respectfully submitted,

Dated:  February 15, 2017                ANGLIN, FLEWELLING, RASMUSSEN,
                                                         CAMPBELL & TRYTTEN LLP


                                              By:  ___*/s/ Dean A. Reeves*___
                                                    Dean A. Reeves
                                                    dreeves@afrct.com
                                              Attorneys for Defendant
                                              WELLS FARGO BANK, N.A., successor
                                              by merger with Wells Fargo Bank
                                              Southwest, N.A., f/k/a Wachovia Mortgage,
                                              FSB, f/k/a World Savings Bank, FSB
                                              ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 North Lake Avenue, Suite 1100, Pasadena, California 91101-4158.

On the date below, I served a copy of the foregoing document entitled:

**NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO BANK, N.A., PURSUANT TO 28 U.S.C. § 1332**

**[DIVERSITY JURISDICTION]**

on the interested parties in said case as follows:

**Served By Means Other than Electronically Via the Court's CM/ECF System:**

|  |  |
|---|---|
| *Attorneys for Plaintiff*<br>*Dave Evans* | <u>COURTESY COPY</u>: |
|  | *Attorneys for Defendant*<br>*Barrett Daffin Frappier Treder &*<br>*Weiss, LLP* |
| Joseph R. Manning, Jr., Esq.<br>info@manninglawoffice.com<br>THE LAW OFFICE OF<br>JOSEPH R. MANNING, JR.<br>4667 MacArthur Blvd., Suite 150<br>Newport Beach, CA 92660 | Edward A. Treder, Esq.<br>edwardt@bdfgroup.com<br>James T. Lee, Esq.<br>jamesl@bdfgroup.com<br>**BARRETT DAFFIN FRAPPIER**<br>**TREDER & WEISS, LLP**<br>20955 Pathfinder Road, Suite 300<br>Diamond Bar, CA 91765 |
| Tel: (949) 200-8755<br>Fax: (866) 843-8308 |  |
|  | T: (626) 915-5714 \| F: (626) 915-0289 |

☒    **BY OVERNIGHT MAIL SERVICE:** I am readily familiar with the firm's practice of collection and processing of correspondence by Norco Delivery Services. Under that same practice it would be deposited on that same day in an Norco Delivery Services collection receptacle at Pasadena, California, with instructions to bill sender on the label.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on February 15, 2017.

<u>         Rachelle Guillory         </u>          <u>     */s/ Rachelle Guillory*     </u>
(Type or Print Name)                    (Signature of Declarant)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP