JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 17-1210 PA (KSx) | Date | February 17, 2017 |
|---|---|---|---|
| Title | Dave Evans v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo's co-defendant, Barrett Daffin Frappier Treder & Weiss, LLP ("Barrett") has filed a Consent to Notice of Removal. In its Notice of Removal, Wells Fargo asserts that this Court has jurisdiction over the action brought against it by plaintiff Dave Evans ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Wells Fargo must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 17-1210 PA (KSx) | Date | February 17, 2017 |
|---|---|---|---|
| Title | Dave Evans v. Wells Fargo Bank, N.A., et al. | | |

LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

One exception to the complete diversity requirement is "nominal party" status. "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1133 (9th Cir. 2002) (citing Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000)). "Removing Defendants bear the burden of proving a defendant is a nominal party." Latino v. Wells Fargo Bank, N.A., 2011 WL 4928880, at *2 (E.D. Cal. Oct.17, 2011).

The Ninth Circuit has also recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 17-1210 PA (KSx) | Date | February 17, 2017 |
|---|---|---|---|
| Title | Dave Evans v. Wells Fargo Bank, N.A., et al. | | |

     According to the Notice of Removal, Barrett, like Plaintiff, is a California citizen. Wells Fargo asserts, however, that "Barrett is to be ignored for purposes of diversity jurisdiction analysis, as it is a fraudulently joined, nominal party, mere stakeholder, and current trustee under the subject Deed of Trust, with absolutely no financial interest in the Property and against which no affirmative relief is being sought. Barrett's status as a nominal party is confirmed through its filing of a [Declaration of Non-Monetary Status." (Notice of Removal 4:24-5:2.) Here, the time for Plaintiff to oppose Barrett's Declaration of Non-Monetary Status has not expired. See Cal. Civ. Code § 2924*l*(c). Moreover, "the State statute allowing for declarations of nonmonetary status does not render a defendant a sham defendant or a purely nominal party. A defendant's declaration of nonmonetary status, which excuses a party from active participation in the case, is not conclusive." Sublett v. NDEX West, LLC, No. 11cv185-L(WMC), 2011 WL 663745 at *2 (S.D. Cal. Feb. 14, 2011).

     Nor do the allegations in the Complaint establish that Barrett is either a nominal party or fraudulently joined. See Perkins v. JPMorgan Chase Bank, N.A., No. CV 16-445- PSG(SSx), 2016 WL 3844205, at *23 (C.D. Cal. July 15, 2016) ("In sum, the Court finds that MTC is not a nominal party at this time. As a result, MTC's citizenship is relevant to the diversity analysis. Because Plaintiff and MTC are citizens of California, complete diversity does not exist and Chase has failed to satisfy its 'burden of establishing that removal is proper.'") (citing Gaus, 980 F.2d at 566); Gomez v. Wells Fargo Bank, N.A., No. C 15-2996 SBA, 2015 WL 4592060, at *2 (N.D. Cal. July 28, 2015) ("In sum, the Court concludes that Wells Fargo has failed to carry its burden of demonstrating that Cal-Western is either fraudulently-joined or a nominal party whose citizenship may be disregarded for purposes of diversity jurisdiction."); Nance v. Cal-W. Reconveyance Corp., No. LA CV14-07950 JAK, 2015 WL 452747, at *3 (C.D. Cal. Jan. 29, 2015) (citing Latino v. Wells Fargo Bank, N.A., No. 2:11-CV-02037-MCE, 2011 WL 4928880, at *3 (E.D. Cal. Oct. 17, 2011)); Silva v. Wells Fargo Bank NA, 2011 WL 2437514, at *5 (C.D. Cal. June 16, 2011) (acknowledging "the trustee on a deed of trust is often a nominal party" but finding the complaint on its face adequately pleaded claims against Cal-Western as trustee).

     If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012) (quoting Macey v. Allstate Property & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)) (brackets in original). The Court finds Wells Fargo has not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on the claims against Barrett. See Plute, 141 F. Supp. 2d at 1008. Nor can the Court conclude, on this record, that Plaintiff would not be afforded leave to amend his Complaint to state a viable claim against Barrett. See Padilla, 697 F. Supp. 2d at 1159. As a result, the Court finds that Barrett has not been fraudulently joined and this Court cannot ignore its citizenship for purposes of assessing the propriety of Wells Fargo's Notice of Removal.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 17-1210 PA (KSx) | Date | February 17, 2017 |
|---|---|---|---|
| Title | Dave Evans v. Wells Fargo Bank, N.A., et al. | | |

    For all of the foregoing reasons, Wells Fargo has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. NC061007, for lack for subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED